UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER MILLER,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

Case No. C18-250 RSM

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the ALJ erred in evaluating his impairments, the medical opinions, and plaintiff's symptom testimony. Dkt. 12. As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 33 years old, has a high school education, and has worked as a material handler, wiring harness assembler, and cleaner. Administrative Record (AR) 26. On May 8, 2013, plaintiff applied for benefits, alleging disability as of October 23, 2012. AR 95. Plaintiff's application was denied initially and on reconsideration. AR 94, 99. After the ALJ conducted a hearing on July 13, 2015, and a supplemental hearing on July 29, 2016, the ALJ

issued a decision finding plaintiff not disabled. AR 35, 76, 20-27.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the application date of May 8, 2013.

**Step two:** Plaintiff has the following severe impairments: cerebral palsy, back pain, and hip pain.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work, except he can stand and/or walk for two hours and sit for six hours total per day. He can occasionally climb, balance, stoop, kneel, crouch, and crawl. He can frequently reach, handle, finger, and feel. He must avoid concentrated exposure to hazards. He can have frequent contact with coworkers. He can have frequent contact with the general public but the average occurrence per contact should be 10 minutes or less. He would be off task about 10% of the day.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, he is not disabled.

AR 22-27. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.[3]

## DISCUSSION

This Court may set aside the Commissioner's denial of social security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

Plaintiff challenges the ALJ's assessment of the medical evidence, his testimony, and the severity of his impairments.

**A.  Severity of Impairments**

    **1.  Breathing Difficulty and Low Weight**

Plaintiff contends the ALJ erred at step two by failing to find his Chronic Obstructive Pulmonary Disease/asthma or weight loss severe, and erred at step three when determining that these impairments did not meet or equal an impairment listed under 20 C.F.R. Part 404, Subpart P, Appendix 1.  Dkt. 12 at 4-5.[4]

Any error in determining whether an impairment is "severe" would be harmless at step two, because the ALJ found in plaintiff's favor at step two.  A step two error "could only have prejudiced [plaintiff] in step three (listing impairment determination) or step five (RFC)" because

---

[4] Plaintiff also mentions abdominal pain, but that is a symptom, not an impairment. *See* 20 C.F.R. § 416.929(a).

step two was resolved in his favor. *Burch*, 400 F.3d at 682.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. 20 C.F.R. § 416.920(a). The listings describe specific impairments that are considered "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925(a).

A claimant bears the burden to provide proof that she is disabled. 20 C.F.R. § 416.912(a). Claimants, especially when represented by counsel, "must raise issues at their administrative hearings in order to preserve them on appeal" to the courts. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Plaintiff did not list breathing difficulty or low weight in his application for benefits. *See* AR 95. His attorney did not ask a single question about breathing difficulty or low weight during either hearing. *See* AR 35-93. There was no mention of it before the Appeals Council. AR 246-49. The medical record, almost entirely focused on plaintiff's cerebral palsy, did not by itself raise an obvious question of disability due to breathing difficulty or low weight. Although Dr. Bulfinch listed "underweight" as a diagnosis, he did not attribute any limitations to it. AR 625. As for breathing difficulty, Dr. Bulfinch opined only that plaintiff would have to lie down during the day due to "pain [and] shortness of breath." AR 625. On this record, the Court cannot conclude that the ALJ erred by failing to explicitly address breathing difficulty or low weight at step three.

**2. Cerebral Palsy Listing**

Plaintiff argues that the ALJ erred by finding that his cerebral palsy did not meet Listing 11.07D. Dkt. 12 at 16-17. At the time of the ALJ's decision, Listing 11.07D could be met by showing "disorganization" of motor function "in the form of paresis" in two extremities, resulting in "sustained disturbance of gross and dexterous movements, or gait and station…."

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

*See* Program Operations Manual System (POMS) DI 34131.013 (Soc. Sec. Admin. 2016), §§ 11.07D, 11.04B, 11.00C, https://secure.ssa.gov/poms.nsf/lnx/0434131013.

At the July 2015 hearing, plaintiff's attorney argued that plaintiff met Listing 11.07D because he had "paresis, which means loss of strength on one side of your body." AR 73. In support, he cited a March 2000 treatment note showing a diagnosis of "[l]eft hemiparesis" and a June 2015 treatment note documenting "weakness" in the left upper and lower extremities. AR 72 (quoting AR 507, 565). The ALJ's decision stated merely that "claimant's cerebral palsy does not meet listing 11.07 because the claimant does not have … disorganization of motor function." AR 24. "A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not" meet a listing. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). The ALJ did not explain why the proffered evidence of hemiparesis or weakness did not meet the listing. The ALJ did not address whether plaintiff had a "sustained disturbance of gross and dexterous movements, or gait and station…." *See* POMS DI 34131.013, § 11.04B. The ALJ credited findings of "spastic gait" but made no mention of station. AR 25. On this record, the Court cannot determine whether the ALJ's determination was unsupported by substantial evidence or based on legal error. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (ALJ must make sufficient findings in support of a step three determination to make a court's review meaningful).

The Court concludes the ALJ erred by failing to properly consider whether plaintiff's cerebral palsy met Listing 11.07D.

**B.    Medical Opinions**

Generally, a treating physician's opinion is entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An

ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

### 1. Dr. Drenguis

Plaintiff contends the ALJ erred by failing to incorporate into the RFC limitations based on an opinion that the ALJ credited.[5] The Court agrees. The ALJ gave the "greatest weight" to the opinions of examining physician William A. Drenguis, M.D. AR 26. The ALJ incorporated many of Dr. Drenguis' opined limitations into the RFC, but failed to include his limitation to standing or walking only 30 minutes at a time, never operating foot controls with his left foot, and never climbing ladders or scaffolds. AR 600-02. The ALJ erred by failing to either provide specific and legitimate reasons to reject these limitations or to incorporate them into plaintiff's RFC. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (failure to address medical opinion was reversible error); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"). The record, as it stands, does not permit the Court to conclude that the error is inconsequential to the ultimate disability determination. Because the hypothetical RFC posed to the vocational expert did not reflect all of

---

[5] The Commissioner fails to address, and thus appears to concede, the claimed error.

plaintiff's limitations, the expert's testimony has no evidentiary value to support the ALJ's step five finding that plaintiff can perform jobs in the national economy. *Robbins*, 466 F.3d at 886. Accordingly, the ALJ's step five determination is unsupported by substantial evidence.

The Court concludes the ALJ erred by failing to incorporate Dr. Drenguis' opined limitations into plaintiff's RFC.

### 2. Dr. Jackson, Dr. Bulfinch, and Dr. Palasi

Plaintiff's treating physician, Charles Vaughan Bulfinch, D.O., opined that plaintiff "physically is not able to maintain a job" and would miss four or more days of work per month due to "pain or anxiety/depression." AR 626. Caryn Jackson, M.D., examined plaintiff and opined that he could not even meet the demands of sedentary work. AR 558. Nonexamining physician Myrna Palasi, M.D., reviewed plaintiff's medical records and agreed with the "less than sedentary RFC." AR 593. Because these opinions were contradicted by Dr. Drenguis' opinions, the ALJ was required to provide specific and legitimate reasons to discount them.[6]

Conflict with a claimant's activities "may justify rejecting a treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The ALJ rejected all three medical opinions on the grounds that they were inconsistent with plaintiff's activities, because plaintiff told a provider on May 7, 2014, that he "continues to exercise and keep busy." AR 26 (quoting AR 471). During plaintiff's previous appointment, on April 21, 2014, he had specified that he "lifts weights, plays basketball, and attends other activities." AR 473. Lifting weights and playing basketball are inconsistent with the doctors' opinions that plaintiff could not even

---

[6] Plaintiff argues that Dr. Bulfinch's opinions that plaintiff must lie down during the day and would miss four or more days of work per month were uncontradicted. Dkt. 12 at 11. This is incorrect. Dr. Drenguis' opinions contradicted them. *See* AR 598 (able to sit six hours and stand/walk two hours per day), 604 (no further limitations not addressed elsewhere).

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

perform sedentary work.

The ALJ also cited plaintiff's ability to "take care of his daily personal needs without assistance and go grocery shopping." AR 26. The ALJ erred by rejecting the doctors' opinions on this ground, however, because the opinions are not inconsistent with these minimal activities. The error is harmless, however, because plaintiff's reported activities of lifting weights and playing basketball were a specific and legitimate reason. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination").

Plaintiff argues that the ALJ erred in rejecting Dr. Bulfinch's opinion because the ALJ did not describe how he weighed factors such as length of the treating relationship. Dkt. 12 at 11. When analyzing a treating physician's opinion, the ALJ must "consider factors such as the length of the treating relationship, the frequency of examination, the nature and extent of the treatment relationship, or the supportability of the opinion." *Trevizo*, 871 F.3d at 676. However, an "ALJ is not required to make an express statement that she considered all the factors outlined" in the regulations. *Kelly v. Berryhill*, 732 F. App'x 558, 562 n. 4 (9th Cir. 2018). These factors include "consistency with the record as a whole," which the ALJ here clearly decided was dispositive. 20 C.F.R. § 416.927(c)(4). As discussed above, the record shows that in April and May 2013 plaintiff was able to lift weights and play basketball, which was inconsistent with Dr. Bulfinch's opinion that plaintiff could not even perform sedentary work.

The Court concludes the ALJ did not err by rejecting the opinions of Dr. Bulfinch, Dr. Jackson, and Dr. Palasi.

**C.      Plaintiff's Testimony**

Plaintiff testified that, due to his cerebral palsy, his left arm is weak. AR 47. He cannot

grip well or pick up anything heavy. AR 47-48. His left fingers "won't cooperate." AR 48. His left leg is weaker than his right and his left ankle sometimes locks up. AR 49-50. Plaintiff testified he has constant pain. AR 50. On his worst days, about once a week, he does not want to get out of bed for half the day because of pains in his legs. AR 50-52. Plaintiff has drop foot, which causes him to trip over his own feet and fall daily. AR 54. He could use his hands for about 20 minutes before needing to rest them for 15 minutes. AR 54-55.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ rejected plaintiff's testimony because it was unsupported by the medical evidence and because plaintiff stopped working for non-disability reasons. AR 25.[7]

A claimant's symptom testimony cannot be rejected for the sole reason that it is not fully corroborated by the medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Actual contradiction by the medical record, however, is a sufficient basis for rejecting a claimant's symptom testimony. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, plaintiff testified that he "can't really grip anything" or "pick anything up heavy" with his left hand. AR 47. On questioning from his attorney, he clarified that he could pick up an approximately 8-pound gallon of milk, but could not hold it very long because his "hand will want to lock up and it'll hurt…." AR 48. The ALJ noted that Dr. Drenguis found

---

[7] The ALJ also mentioned criminal history, but expressly stated that it was "not considered in determining whether the claimant's impairments limit his ability to engage in substantial gainful activity." AR 25.

that plaintiff had normal grip strength in both hands and normal strength in both upper extremities. AR 25 (citing AR 596). This constitutes substantial evidence to support the finding that plaintiff's claims were contradicted by the medical evidence, which was a clear and convincing reason to discount plaintiff's testimony. *See Carmickle*, 533 F.3d at 1161.

Stopping work for reasons other than impairments is a valid factor to consider in evaluating a claimant's pain testimony. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). The ALJ found that plaintiff's work ended for non-disability related reasons, relying on plaintiff's report that he "lost his last job because he quit showing up." AR 25 (quoting AR 469). Plaintiff argues that substantial evidence does not support the ALJ's finding, because plaintiff may have quit showing up because his impairments made it difficult for him to work. Dkt. 12 at 13-14. Whether or not plaintiff's interpretation is rational, the ALJ's interpretation, accepting plaintiff's given reason at face value, is also rational and must be upheld. *Burch*, 400 F.3d at 680-81. The Court notes that plaintiff stopped working in July 2012, months before his alleged onset date of October 2012. AR 295, 95. The relevance of the reason his work terminated is thus less than in *Bruton*, where the claimant was injured on the job but continued to work, only applying for disability benefits after he was laid off and alleging an onset date of the day of termination. 286 F.3d at 826. Nevertheless, in conjunction with the clear and convincing reason of contradiction with the medical record as discussed above, plaintiff's stopping work for non-disability related reasons offers further support to the ALJ's discounting of his testimony.

The Court concludes the ALJ did not err by discounting plaintiff's testimony.

### D. Scope of Remand

Plaintiff requests the Court remand for an award of benefits. Dkt. 12 at 18. In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia*, 900

F.2d at 176. The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020. The Court has flexibility, however, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Here, the Court finds that the record, as it stands, does not compel a finding of disability. For example, the ALJ made no finding as to whether plaintiff's station was sufficiently disturbed to meet Listing 11.07D at step three. The Court cannot make its own findings. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("we cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts."). In addition, there is no evidence in the record as to whether incorporation of Dr. Drenguis' limitations, such as 30 minutes standing at one time, into the RFC would erode the occupational base. Enhancement of the record would be useful and, accordingly, the Court concludes that remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should develop the record as needed, reevaluate plaintiff's cerebral

palsy at step three, and proceed as necessary to step five, incorporating Dr. Drenguis' limitations into the RFC.

DATED this 19th day of October 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE